REQUESTED BY: Holly Jensen, Director of the Department of Motor Vehicles.
Must a county clerk issue a certificate of title for a motor vehicle which is free of all liens filed subsequent to a federal tax lien when he or she is presented with an application for title showing that the vehicle was obtained from the Internal Revenue Service pursuant to a seizure and sale for unsatisfied tax liens.
If the answer is yes then who must send notice of such extinguishment to subsequent lien holder?
26 U.S.C.A. § 6339 outlines the legal effect of certificate of sale of personal property and deed of real property sold to satisfy tax liens owed to the federal government. 26 U.S.C.A. § 6339 (c) provides that "a certificate of sale of personal property given or a deed to real property executed pursuant to section 6338 shall discharge such property from all liens encumbrances and titles over which the lien of the United States with respect to which the levy was made had priority." Therefore, interpretation of this section and case law would definitely indicate that a certificate of sale obtained from the Internal Revenue Service pursuant to a seizure and sale of the personal property would discharge all liens junior to the federal tax lien. Note that Neb.Rev.Stat. § 60-111
provides in part "if from the records in the office of the county clerk, there appears to be any lien or liens on such motor vehicles, such certificate of title shall contain a statement of such liens unless the application is accompanied by proper evidence of their satisfaction or extinguishment." [Emphasis added.] Therefore, the certificate of sale from the Internal Revenue Service, pursuant to a seizure and sale from unsatisfied tax liens, along with a record of the filing of the federal tax lien in the office of the register of deeds, in accordance with Neb.Rev.Stat. § 52-1001 (Reissue 1984), would be proper evidence that any liens recorded in the county clerk's office that are junior to the federal tax lien are extinguished, pursuant to 26 U.S.C.A. 6339 (c). It is crucial that county clerks carefully examine the certificate of sale from the Internal Revenue, the record of the filing with the Register of Deeds of the federal tax lien and the records of any liens recorded in the county clerk's office before discharging any liens from the certificate of title of the motor vehicle in question. Only those liens filed subsequent to the federal tax lien would be dischargeable from the certificate of title, pursuant to 26 U.S.C.A. 6339 (c). Also, note, that any liens on a motor vehicle filed subsequent to the Internal Revenue Service tax liens are not extinguished until the United States government levies, seizes and sells the personal property pursuant to 26 U.S.C.A. § 6331-26 U.S.C.A. § 6338.
26 U.S.C.A. § 6335 provides the manner in which notice is given for seized property that is to be sold to satisfy the United State's government's tax liens. This statute would indicate that all persons with an interest in that property are put on notice that the property is to be sold. Therefore, all lienholders of the personal property have notice that the property has been seized. Moreover, all lienholders over which the United States federal tax lien had priority are put on notice that the United States has a tax lien on the personal property when the federal tax lien is filed in the office of the Register of Deeds where the taxpayer resides at the time of filing the notice of liens pursuant to Neb.Rev.Stat. § 52-1001 (Reissue 1984) and 26 U.S.C.A. § 6323. Therefore, the county clerk would have no obligation to notify the lienholders, whose liens are junior to the federal tax lien, that their liens have been discharged pursuant to26 U.S.C.A. § 6339. The county clerk could give notice to the subsequent lienholders that their lien has been extinguished as a matter of clarity, but certainly has no obligation to do so.
ROBERT M. SPIRE Attorney General
Janie Castaneda Assistant Attorney General